**JONES v. McILVEENE.**

No. 5049.

Court of Civil Appeals of Texas.
Texarkana.

May 5, 1937.

Rehearing Denied May 13, 1937.

Lightfoot & Robertson, of Ft. Worth, J. J. Collins, of Lufkin, and R. O. Kenley, Jr., and Thos. J. Pitts, both of Longview, for appellant.

Jones & Jones, of Marshall, for appellee.

WILLIAMS, Justice.

Upon findings judgment was entered in behalf of appellee in an action in damages for personal injuries sutained by appellee.

Appellee, after alleging that he was negligently and carelessly run upon and struck by an automobile being operated by defendant, as a proximate result of which permanent injuries were inflicted upon his body, then pleaded: "Without waiving the foregoing general allegations of negligence, but insisting upon the same and pleading in the alternative, plaintiff shows that he was injured as a proximate result of one or all of the following acts of negligence on the part of defendant, to-wit:" then he alleged specific acts numbered "A" to "E," ending with "F," reading: "In the alternative, plaintiff shows that if said automobile being operated by the defendant was provided with adequate brakes kept in good working order, that then defendant negligently and carelessly failed to apply said brakes at the time and place in question."

Appellant entered a general demurrer, general denial, and specially denied each act of negligence alleged. The judgment of the trial court is grounded solely upon the following affirmative finding of negligence, in answer to special issue No. 3, to wit: "Do you find from a preponderance of the evidence that the defendant failed to exercise ordinary care to stop his car after the same was struck by another car?"

The court gave defendant's special requested charge No. 2, which reads: "You are instructed that in passing upon special issue No. 3, submitted to you inquiring about any negligence of the defendant, C. A. Jones, you will bear in mind the following as the law: if a person, without any fault of his own, is placed in a situation where the mind is required to act in an emergency and under the excitement of the occasion, if such person selects a wrongful means to avoid injuring another who is in a position of danger, such conduct would not constitute negligence provided such person acted on said occasion as a person of ordinary care would have acted under the same or similar circumstances."

The jury answered No. 3 "Yes," and to issue No. 4 answered that it was a proximate cause. The jury found that the injuries were not the result of an unavoidable accident, and to issue No. 5 that the striking of defendant's car by another car was not the sole proximate cause. The other specific acts of alleged negligence numbered "A" to "E" in the petition were not submitted.

Appellant Jones was proceeding to park his automobile at the edge of a sidewalk in Kilgore. He was proceeding slowly into a space between two other parked cars, heading in at a forty-five degree angle, and when his car had entered this space about halfway, another car passing in the traffic struck the car of appellant. This blow caused appellant's car to lurch forward. It then traveled across the sidewalk into a store building, a distance of twelve or fifteen feet, pinning appellee McIlveene, who was standing on the sidewalk, between the bumper and the building. It is not contended that appellant was negligent in operating his car prior to the time it was struck. Nor does appellant contend that the blow to his car by the other one was alone sufficient in force to have shoved or driven appellant's car across the sidewalk into the building.

Appellant's explanation why his car struck the appellee can be summed up in a general way in his own language, to wit: "Well, the car hit me, see, and I stamped for my brake. And when it hit me, my car kind of lurched ahead and when I went back and kind of came to, just in an instant I stamped at my brake, see, and of course the impact of the car and my missing my brake, too, was probably what caused me to go in. I do not know if I stepped at my brake and missed it or did not miss it. I acted in an emergency. * * * I don't say that I touched the accelerator instead of the brake. * * * It was just a split second there. * * * I wouldn't say I had completed my operation of stopping. It was in gear when I drove up. It was in low gear."

At the conclusion of the evidence appellant requested a peremptory instruction for defendant. And in support of this request urges: "It is a sound and well-settled principle of both civil and criminal jurisprudence that no person will be held responsible for his acts or omission which occur when, through no fault of his own, his mind is in such a state of fright or terror as to render him incapable of acting with ordinary care and prudence."

This principle of law is upheld in Graham v. Hines (Tex.Civ.App.) 240 S.W. 1015 (writ refused); International & G. N. Ry. Co. v. Neff, 87 Tex. 303, 28 S.W. 283. Appellant urges "that under the facts of this case, this was an unexpected emergency brought about by the act of another person, and defendant was not at fault in

bringing this situation about, and on account thereof defendant was required to act immediately and suddenly and without time or capacity for reflection, and in such case if he did or failed to do some act which might have prevented the injury, he still would not be guilty of negligence rendering him liable."

But where his mind is not in such a state of fright or terror as to render him incapable of acting with ordinary care and prudence, we find the principle of law governing the degree of care which should be exercised announced in Hooks v. Orton (Tex.Civ.App.) 30 S.W.(2d) 681; 45 Cor. Jur. pp. 710, 711; 30 Tex.Jur. p. 690, which reads: "Where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course of pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Accordingly, if he exercises such care as an ordinarily prudent man would exercise when confronted by a like emergency, he is not liable for an injury which has resulted from his conduct, even though another course of conduct would have been more judicious. The arising of an emergency does not, however, relieve one from the obligation of exercising ordinary care, but is merely one of the circumstances which is proper for consideration in determining whether ordinary care has been exercised. And if one's conduct did not measure up to the standard of ordinary care under the circumstances in which he found himself, he is chargeable with negligence notwithstanding the existence of the emergency."

And if the evidence raised the question that the defendant's mind was in such a state of fright or terror as to render him incapable of acting with ordinary care and prudence it still presented a question of fact for the jury to determine if in fact he was so frightened; if a person of ordinary foresight and prudence similarly situated would have become frightened and terrorized; and if such fright was caused by the acts of another person.

From the quoted portion of appellant's testimony, and his version of the collision that he acted under a sudden emergency; from appellant's special requested charge No. 2 herein quoted; and from his failure to request any special issues under the fright, terror, or panic doctrine as announced in International & G. N. Ry. Co.

v. Neff, supra, it is evident that defendant defended under the "sudden emergency doctrine" as discussed in Hooks v. Orton, supra, 45 Cor.Jur. pp. 710, 711, and Tex. Jur. p. 690.

From the quoted portion of the petition, it will be noted that the plaintiff alleged that the defendant negligently and carelessly failed to apply the brakes at the time and place in question. Special issue No. 3 inquired if defendant failed to exercise ordinary care to stop his car after the same was struck by another car. Exception was timely urged that this constitutes a separate and distinct ground of negligence not pleaded, and not one of the specific acts of negligence relied upon. Ordinarily the interrogatory may follow the language of the pleadings, and this is the better practice. Still, the issue pleaded may be phrased by the trial court in any manner he may deem proper, so long as the special issue is confined to the negligent fact pleaded. Speer on Special Issues, §§ 179, 180. The specific act of negligence alleged under "F" is the only act of negligence pleaded that this special issue No. 3 could have embraced, and we do not understand why the issue was not framed in the language of that pleading and inquire about the failure to apply his brakes. It was not contended by appellant that the blow from the other car was sufficient in force to have shoved or driven the car across the sidewalk into the building. There was no curb between the street and sidewalk where this injury occurred. Appellant was in his car at the steering wheel when his car was hit, and the only way he could have checked or stopped his car was by the use of his brakes. Therefore we are not prepared to hold that the court and jury did not have in mind the sole query if the defendant negligently and carelessly failed to apply his brakes at the time and place, under paragraph "F" of the pleadings.

To the further contention that this issue was upon the weight of the evidence, we fail to find where appellant urged such an exception to the court's charge. To. question No. 2, the jury had answered that defendant's car had been struck by another car just prior to this injury. They were instructed if they answered No. 2 "Yes" then to answer questions Nos. 3, 4, and 5, otherwise not to answer same.

Appellant's 9th proposition urges that the court erred in wholly ignoring and

506

omitting any mention of "new and independent cause" in the definition of "proximate cause." The court instructed the jury that the term " 'proximate cause' as used in this charge, means the moving and efficient cause, without which the injury in question would not have happened; an act or omission becomes the proximate cause of an injury whenever such injury is the natural and probable consequence of the act, or omission, in question, and one that ought to have been foreseen by a person in the exercise of ordinary care and prudence in the light of the attending circumstances." The court then defined "new and independent cause" following almost verbatim the charge as quoted in Stedman Fruit Co. v. Smith (Tex.Civ.App.) 28 S. W.(2d) 622, 626.

In Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.(2d) 326, 327, where the evidence raised the issue of "new and independent cause," Justice Taylor of the Commission of Appeals, after discussing and citing numerous authorities, states: "It is reversible error, in a cause in which the testimony tends to prove the injury resulted from a new independent cause, not to submit a definition of 'proximate cause' embodying that term, or a similar term, together with a definition of same."

An examination of the record in Southland Greyhound Lines v. Cotten, reveals that the trial court gave an instruction on "proximate cause" substantially as above quoted, but nowhere in the charge did the court give any instruction on "new and independent cause" nor any definition as to these terms. But this is not the record in the instant case. Here, although the trial court did not embody the term "new and independent cause" in his definition of "proximate cause," he did define the term in the next succeeding paragraph of his charge, and in the next succeeding paragraph defined the legal terms "new" and "independent." And in this we feel that, if the evidence raises the issue of "new and independent cause" [Young v. Massey (Tex.Civ.App.) 95 S.W.(2d) 542, 548], the charge meets the requirements as set forth in Southland Greyhound Lines v. Cotten, supra.

Appellant assigns as error the refusal to give appellant's special requested issue No. 1, to wit, whether the striking of defendant's car was the original force that set in motion the agency that, moving in a natural, orderly and continuous sequence, was sufficient standing alone to produce and did produce the injury. Special issue No. 5 inquired if the striking of appellant's car was the sole proximate cause of the injury. The jury found it was not the sole proximate cause. Issue No. 3 inquired as to negligence of defendant after his car was struck. If the jury had answered this issue in the affirmative, and having answered issue No. 3 that appellant was negligent, it would have been concurring negligence and would not have exonerated appellant.

We do not feel that the quoted portion of the court's charge under appellant's 10th proposition is a general charge. This same instruction was used in Stedman Fruit Co. v. Smith et al. (Tex.Civ.App.) 28 S.W.(2d) 622, 626. Article 2189 allows the court to submit explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on special issues. Humble Oil & Refining Co. v. McLean (Tex.Com.App.) 280 S.W. 557, 559; 41 Tex.Jur. p. 1181. The matter here complained of was an "explanation" of the distinction between the terms defined in the charge.

The street and sidewalk were constructed practically on a level, without a curb or guard rail to separate them. The court refused to submit requested special issues inquiring if such construction was negligence, and if sole proximate cause of injuries. The evidence does not raise these issues. "The court is never required to submit any fact controversy to the jury where there is no evidence to raise the same. By the expression to raise we mean such reasonable quantity of evidence as would afford to reasonable minds the grounds for a conclusion therefrom favorable to the party who would be benefited by the finding." Speer on Special Issues, § 154.

The court's special charge No. 1 complained of by appellant under his 12th proposition is practically the same as was defendant's special requested charge No. 1. In paragraph 13 of the bill of exception to the court's charge, defendant excepted to the charge because the court had failed to instruct the jury on this phase of negligence. The charge as given being designated special charge No. 1 evidently was in response to this exception. Appellant's special requested charges Nos. B

and C, which were refused, were substantially the same as given in the court's special charge No. 1 and defendant's special requested charge No. 2. Under St. Louis S. W. Ry. Co. v. Hudson (Tex.Com.App.) 17 S.W.(2d) 793, this, if error, was invited by appellant.

Therefore, the. motion of appellee for rehearing is granted; and the judgment of the lower court is affirmed; and the former opinion of this court filed March 4, 1937, is withdrawn and this opinion is substituted therefor.