M. M. MONTGOMERY, JR., ET AL V. HOUSTON ELECTRIC COMPANY.

No. 7547. Decided November 6, 1940.
Rehearing overruled December 18, 1940.
(144 S. W., 2d Series, 251.)

*Allen, Helm & Jacobs* and *Wm. States Jacobs, Jr.,* all of Houston, for plaintiff in error.

Since the jury found that the acts inquired about did not constitute negligence and since the jury found in favor of plaintiffs on issue of primary negligence and issues of discovered peril all became immaterial and therefore could not be a ground for conflict. Lewis v. Martin, 120 S. W. (2d) 911; Donald v. Phillips, 13 S. W. (2d) 74; Ford Rent Co. v. Hughes, 90 S. W. (2d) 290.

*Palmer Hutcheson and Baker, Botts, Andrews & Wharton,* all of Houston, for plaintiff in error.

The answers of the jury on the issues of contributory negligence were conflicting with those on discovered peril, and if they did not eliminate discovered peril as an issue from the

case and establish contributory negligence as a matter of law they at least should have prevented the entry of any judgment against the defendant. Baker v. Cook, 13 Texas 80; Carter v. Lindeman, 111 S. W. (2d) 318; English v. Terry, 85 S. W. (2d) 1063.

MR. JUDGE SLATTON delivered the opinion of the Commission of Appeals, Section B.

This suit was filed in the 80th District Court of Harris County by M. M. Montgomery, Jr., and his mother against Houston Electric Company, to recover damages for personal injuries sustained by M. M. Montgomery, Jr., in a collision with said Montgomery and a passenger bus operated by the Electric Company in the City of Houston. A jury trial resulted in a verdict on which judgment was rendered in favor of Montgomery and against the Electric Company. The Electric Company appealed to the Court of Civil Appeals at Galveston and the judgment was reversed and the cause remanded for another trial. Houston Electric Co. v. Montgomery et al, 123 S. W. 943. Writ of error was granted by this Court.

The Honorable Court of Civil Appeals entertained the opinion that findings in the verdict of the jury were in conflict and mutually destructive.

The trial pleadings of the parties tendered the issues of primary negligence, discovered peril and contributory negligence. The findings of the jury said to be in conflict by the Court of Civil Appeals are as follows:

"(15) Do you find from a preponderance of the evidence that prior to the collision M. M. Montgomery, Jr., was in a perilous position?

"(16) Do you find from a preponderance of the evidence that the bus driver discovered that M. M. Montgomery, Jr., was in a perilous position?

"(17) Do you find from a preponderance of the evidence that the bus driver discovered the peril of M. M. Montgomery, Jr., within such time and distance as that by the exercise of ordinary care in the use of all the means at his command, consistent with the safety of himself, his passengers and his bus, he could have avoided the collision?

"(18) Do you find from a preponderance of the evidence that the failure of the bus driver to exercise all of such means was negligence as that term is herein defined?

"(19) Do you find from a preponderance of the evidence that such negligence was a proximate cause of the injuries, if any, sustained by M. M. Montgomery, Jr.?"

Each of these issues was answered "We do."

Special Issue No. 22. "Do you find from a preponderance of the evidence that immediately prior to the collision in question the minor plaintiff, M. M. Montgomery, Jr., suddenly turned his bicycle to his right?

\* \* \* \* \* \* \* \*

Special Issue No. 31. "Do you find from a preponderance of the evidence that M. M. Montgomery, Jr., failed to give any warning of his intention to make such turn, before making the turn?"

Each of these issues was likewise answered "We do."

As we understand, the holding of the Honorable Court of Civil Appeals is that Special Issues Nos. 15 to 19, inclusive, are antagonistic to Issues Nos. 22 and 31 in point of time, i. e., that there was time for the bus driver to have prevented the collision (which is included in the former group of issues) and that there was not such time (which is said to be included in Special Issues Nos. 22 and 31).

■ The finding of the jury that the boy, immediately prior to the collision, suddenly turned his bicycle to his right and the finding that the boy at such time failed to give any warning of his intention to make such turn do not conflict with the finding that the bus driver discovered the perilous position of the boy within such time that, by the use of ordinary care, etc., the collision could have been prevented.

■ In fact, the findings contained in Special Issues Nos. 22 and 31, without additional subsidiary findings, amount to no defense unless it can be said that the boy, in suddenly turning his bicycle to the right and his failure to give warning of his intention to make said turn, was guilty of contributory negligence as a matter of law and then where, as in this case, the pleadings and the evidence raise the issue of discovered peril and the jury has found upon that issue in favor of the injured party, the issues of primary negligence and contributory negligence become immaterial. St. Louis B. & M. Ry. Co. v. Cole, et al, 14 S. W. (2d) 1024; Dallas Railway & Terminal Co. v. Bankston, 51 S. W. (2d) 304.

The Court of Civil Appeals having properly determined that the issue of discovered peril was raised by the pleadings and proof, and the jury having found on that issue in favor of the

injured party, the findings on the issue of contributory negligence will not preclude the entry of a judgment in favor of the injured party, which was done in this case by the trial court. Hence, the Court of Civil Appeals erred in reversing the judgment of the trial court. Defendant in error relies upon the holding of this Court in the case of Texas Motor Coaches, Inc. v. Palmer, et ux, 132 Texas 77, 121 S. W. (2d) 323. In that case, as is pointed out in the opinion, it was held that a finding on the issue of primary negligence nullified an essential element contained in the findings on the issue of discovered peril. Therefore, the remaining findings on said issue were insufficient to support a verdict against the offending party under the doctrine of discovered peril.

■ In the present case, as we have seen, all essential elements of discovered peril have been found against defendant in error. It could make no difference as to the judgment to be rendered that all elements of contributory negligence alleged against the minor plaintiff were found against him, for the reason that contributory negligence is no defense to an action predicated upon the doctrine of discovered peril. Wilson v. Southern Traction Co., 111 Texas 361, 235 S. W. 663. These conclusions render immaterial many of the contentions of defendant in error made in the Court of Civil Appeals that the minor plaintiff was guilty of contributory negligence as a matter of law. Moreover, we construe the opinion of the Court of Civil Appeals as having overruled the contentions made by defendant in error on the sufficiency of the evidence and findings of the jury on the issue of discovered peril being against the preponderance of the evidence. Such rulings are indicated in the following language contained in that court's opinion:

"On this appeal it is accordingly determined that this judgment must stand or fall upon whether or not it properly followed from the pleadings, evidence, and findings upon the question of discovered peril; this Court concludes that it did not, but that, on the contrary, there was an irreconcilable conflict between the jury's findings upon that issue alone, which requires a reversal.

"While the appellant makes earnest contention against the sufficiency of either the pleading or proof, or the evidence, to even raise that issue, having objected in the trial court to each procedural step as well looking to the submission of it to the jury, it is concluded that none of these protests were well taken—that, on the contrary, the pleadings and proof of the appellees not only properly raised that as a material issue

for the jury, but, as indicated, that it became the exclusive one for its determination, on the coming in of all the evidence."

■ The holdings of the Court of Civil Appeals which overrule the attack of defendant in error on the sufficiency of the pleadings and the legal sufficiency of evidence to raise the issue of discovered peril are approved by this Court. We have no jurisdiction to review the ruling that the finding of the jury on the issue of discovered peril is against the great weight and preponderance of the evidence. We have examined all assignments of defendant in error made in the Court of Civil Appeals to ascertain whether the judgment of that court, which reversed the judgment of the trial court, could be sustained upon any other theory. After a careful consideration of all of the assignments, we have concluded that none of them can be properly sustained. Such assignments, other than the ones discussed, do not present questions of sufficient importance to require further notice.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court November 6, 1940.

Rehearing overruled December 18, 1940.