### VAN ZANDT v. SCHELL.

No. 14823.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 21, 1947.

Rehearing Denied March 28, 1947.

Olan R. Van Zandt, of Sherman, for appellant.

Pepper & Markward and Forrest Markward, all of Fort Worth, for appellee.

HALL, Justice.

Appellant Rogers B. Van Zandt of Grayson County, Texas appealed this case from an order of Tarrant County Court at Law Number One overruling his plea of privilege to be sued in the county of his residence.

Appellee filed suit to recover damages which he received to his car resulting from an automobile collision wherein he alleges that his car was parked in front of his residence on North Henderson Street in Fort Worth, Texas, and while so parked, appellant, while under the influence of intoxicating liquor, drove his automobile carelessly and negligently into appellee's automobile; that the impact of the collision knocked appellee's car a distance of 110 feet along and across the street; that the back end of appellee's car was smashed and the motor was knocked off its frame; and in all his car was damaged $300. That he was out $100 by reason of the loss of the use of said automobile while it was being repaired. The trial was submitted to the court without a jury.

In appellee's controverting plea he adopted the following allegations as set out in paragraph 3 of his petition:

"Each and every of the following acts and omissions to act of the defendant was negligent and each and every such act of negligence, whether operating separately or in connection with other acts of negligence, was the proximate cause of plaintiff's damage:

"(a) In failing to keep a proper lookout:

"(b) In failing to have his automobile under proper control:

"(c) In driving at an excessive rate of speed:

"(d) In driving his automobile while under the influence of intoxicating liquor.'"

The evidence introduced by appellee was in substance as follows: That he left his car in front of his house on the right hand side of the pavement about 12:00 o'clock that night; that his wife told him of the accident, about 1:15 the same morning; that when he arrived at the scene of the accident appellant's car was located right in front of his house where his car had been, and his (the appellee's) car was knocked on the opposite side of the street about 115 feet away from where he left it. The name of the driver of the car was Rogers Van Zandt. He seemed to be excited. Appellee's car would not start and the motor was knocked off the block. Appellant's explanation for running into appellee's car was that he saw a car coming towards him, and to avoid a collision he had to swerve away from it. He informed appellee to not worry about anything; that he took full responsibility and would see him the next evening, but that he did not show up. It was also agreed between the parties that the officer present did not make an arrest, and that appellant was not placed in jail. Upon cross-examination appellee testified that he did not set his brakes before he left his car, but that he

did leave it in gear, and that he turned the front wheels towards the curb.

B. W. Anderson of the Police Department of the City of Fort Worth investigated the accident, which happened on or about July 28, 1946, and testified in substance as follows: There were two automobiles involved in the accident, a 1941 DeSoto sedan and a 1936 model Plymouth sedan. That he made the investigation about 1:10 a. m. That the scene of the accident was in the 400 block North Henderson Street. The positions of the vehicles was that one vehicle setting headed north at the right curb, which was the east curb, on Henderson Street and the other vehicle was across the street and down the street north to west where the accident occurred. That the appellant's car was partly in the street and partly in a driveway. There were tire marks on the concrete pavement where the impact occurred. There were approximately 115 feet between the point of the impact and the point where the car of appellee rested across the street. That the car of appellant left no marks on the pavement except those at the point of impact; that he talked with appellant, but did not arrest him. That he did smell of appellant's breath, and did detect the odor of some intoxicating beverage.

Appellant stated to the officer that he did not see the appellee's automobile; that he was driving north on Henderson Street; the officer further testified that there is a slight grade downward from where the impact occurred to where the Schell car came to rest. After cross-examination of this witness both parties rested; the appellant asked the court to transfer this case to Grayson County, because there was no evidence showing that the injury or trespass occurred in Tarrant County and remarked to the court that the 400 block on North Henderson may be in El Paso County. The court upon his own motion re-opened the case and B. W. Anderson being re-called as a witness testified that the accident did occur in Tarrant County.

Appellant cites two points of error as follows:

"First Point: Appellee having failed to offer evidence sufficient to show that a crime, offense or trespass was committed by appellant in Tarrant County, Texas, the trial judge erred in overruling appellant's plea of privilege.

"Second Point: The trial judge erred in permitting appellee on the court's own motion, to re-open the case after argument had been had and permitting appellee to show that the collision in question, occurred in Tarrant County, Texas."

Appellant contends in Point Number One that the evidence does not show a trespass that would sustain venue under exception 9 of Article 1995. Said exception reads as follows: "Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

We find the record in this case does not disclose sufficient evidence to prove active negligence on the part of appellant, but such evidence only shows acts of omission to perform his duty as a driver of a motor vehicle.

We will discuss the four acts of negligence which appellee plead appellant was guilty of as set out above in (a), (b), (c), and (d).

"(a) In failing to keep a proper lookout.

"(b) In failing to have his automobile under proper control."

Both of these acts of negligence, if found to be true, have been held recently by the Supreme Court in the case of Barron, et al. v. James, Tex.Sup., 198 S.W.2d 256, 261, to be "merely a negligent omission or failure on the part of the driver to do something which it was his duty to do."

"(c) In driving at an excessive rate of speed."

There is no evidence in this record designating the speed or approximate speed appellant's automobile was traveling when the accident occurred. It is silent as to the weight of the respective automobiles, or any other testimony that might show light as to speed. This court is without authority to speculate on how fast appellant's car was really traveling at the time of the collision.

"(d) In driving his automobile while under the influence of intoxicating liquor."

A thorough search of the record reveals the following testimony of the investigating officer as being all of the evidence introduced directly on the question of appellant being under the influence of intoxicating liquor while driving his automobile into appellee's car, to wit:

"Q. Did you smell his breath? A. Yes, sir.

"Q. Did you detect any odor? A. The odor of some intoxicating beverage.

"Q. Did he talk? A. Yes, sir.

"Q. What did he say? A. Well, we merely asked him if he was the driver of the vehicle, just the formality which makes out our record, and we received our information from him and he agreed to take care of the other party's vehicle.

"Q. Did he say how the accident happened? A. He said he didn't see the other automobile. He was driving north on Henderson Street and didn't see the automobile, was his statement to us at the time."

■ The only circumstance produced by the evidence that tends to have any weight as to appellant's being intoxicated or under the influence of intoxicating liquor was added by the appellee when he stated that the appellant "seemed excited." However, said witness testified a little later in his testimony that, "at the time we were excited." We do not think that such conduct of appellant in being excited indicates intoxication. In fact, it is consistent with sobriety.

■ While we do not deem it necessary to write a full, detailed analysis of the law on driving a car while under the influence of intoxicating liquor, yet we feel it our duty to examine the testimony in the case to ascertain if there was sufficient evidence for the trial court to base his finding in overruling appellant's plea. We find the penalty for driving a motor vehicle upon a public highway, or public street, has been reduced in some instances, from a felony to a misdemeanor; yet, the rules of procedure determining the fact as to whether or not a person is intoxicated or under the influence of intoxicating liquor is the same as it was under the felony statute, and we further find that the above quoted testimony, under the law, will not support a finding that appellant was driving a motor vehicle while under the influence of intoxicating liquor. Brown v. State, 108 Tex.Cr.R. 360, 300 S.W. 81; Chairez v. State, 98 Tex.Cr.R. 433, 265 S.W. 905.

■ The judgment of the trial court overruling appellant Rogers B. Van Zandt's plea of privilege is reversed and judgment here rendered ordering the case transferred to the County Court of Grayson County, Texas.