## WILLIAMS v. VOIGHT.

### No. 10193.

Court of Civil Appeals of Texas. Austin.

Jan. 20, 1954.

Rehearing Denied Feb. 10, 1954.

Leo A. Oliver, San Antonio, for appellant.

F. L. Kuykendall, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment in favor of appellee and against appellant growing out of an automobile collision in the City of Austin, Texas.

The appeal is before this Court on seventeen points assigned as error. The principal complaints of appellant are that the case should be reversed because the answers of the jury to Special Issues Nos. 18 and 19 are in direct conflict with the jury's answers to Special Issues Nos. 1 to 14, inclusive, and Special Issue No. 20, and such conflicting findings, all being on material issues of equal importance, are irreconcilable and fatal and no judgment should have been rendered thereon; that the case should be reversed because the answer of the jury to Special Issue No. 13, inquiring whether plaintiff was negligent in failing to move his car to a place nearer the curb or some place on East Avenue after observing the approach of the police car was negligence, was in direct conflict with the evidence and receives no support in the evidence given upon the trial; that the case should be reversed because plaintiff was guilty of contributory negligence as a matter of law in failing to move his car to a place nearer the curb on East Avenue after hearing the siren of the approaching police car, such failure violating Art. 6701d, Sec. 75, Vernon's Annotated Revised Civil Statutes of Texas; that the case should be reversed because one who is guilty of negligence himself, by which his injury is occasioned, or which proximately contributes to his injury cannot recover of one whose negligence he alleges caused his injury, although the latter may have been likewise guilty of negligence; that the court erred in refusing to pre-emptorily instruct the jury for defendant since plaintiff was admittedly guilty of negligence in blocking the street and such negligence concurred with that of the defendant, if any, in producing the results complained of by plaintiff; that the court erred in refusing to render judgment for defendant because the jury found, in answer to Special Issues Nos. 18 and 19, that defendant was acting under an emergency and did what an ordinarily prudent person would have done under the same or similar circumstances; that the court erred in refusing to submit defendant's requested special instruction in connection with Special Issues Nos. 15, 16 and 17 as such instruction was a necessary aid to the jury in properly answering the issues and without such instruction they could not properly pass upon and render a verdict on these issues; and that case should be reversed because if the defendant knew or had reason to believe that the officer was a duly authorized police officer, defendant was justified in obeying him to "Follow me," and it cannot be maintained that defendant, in assisting a known and recognized officer, in the discharge of his duties, acted to his own peril.

The other points while not waived were not insisted on by the appellant in view of his contentions as to the assigned errors in the other points.

The collision occurred at about 7 a. m. on the 2nd day of March, 1952, on 12th Street at its intersection with East Avenue.

It appears that appellee was a policeman and had been for more than twenty years and, under a contract with the City, was feeding the prisoners and was going West on 12th Street in his automobile carrying meals to the city jail, and stopped at a stop sign at the intersection, at which time he heard a siren but could not tell from which direction the sound came for a matter of seconds, when a police car driven by another city officer drove to the left of Voight's car, traveling at a slow rate of speed, and within a few seconds the appellant's car struck the right rear of appellee's car and damages were suffered by both Voight and his car.

There is no complaint that the damages assessed by the jury are excessive.

The appellant was a Sergeant in the Army, stationed at Fort Hood and had driven to Austin with other soldiers on March 1st, and had had refreshments at a local club in East Austin, had attended a dance and had slept a while in his car and then gone to the club for coffee, at which time he heard a commotion outside and went to the scene and saw "one of his soldiers" bleeding.

City officer Allen was there and had ordered an ambulance at which time appellant told the officer he had a car and would

take the injured man to the hospital and requested Officer Allen to show him the way, which Allen did.

Appellant contends that appellee was negligent in failing to move his car to a point near the curb, or to some place on East Avenue after hearing the siren of the approaching police car, and thereby contributed to his injury and is guilty of negligence in blocking the street, and that the appellant was acting under an emergency and did what a prudent person would have done, and that since he had been told to follow the officer, he was not acting to his peril, and that because a car turned East onto East 12th Street created a condition arising suddenly and that such condition was not caused by appellant and that because after the emergency arose he did what an ordinary prudent person would have done and he is not liable for the injuries caused by him.

Appellee claims that Allen had nothing to do with putting the wounded man in appellant's car.

Special Issues 18 and 19 are as submitted:

"Special Issue No. 18.

"Do you find from a preponderance of the evidence, if any, that George E. Williams was, at the time of the collision in question, acting under an emergency?

"Answer this special issue 'Yes' or 'No'.

"Answer: Yes.

"In connection with the foregoing special issue, you are instructed that the word 'emergency', as used herein, means a condition arising suddenly and unexpectedly, and not proximately caused by the negligent act or acts of George E. Williams and which called for immediate action on his part without time for deliberation.

"If you have answered the foregoing special issue 'Yes', then you will answer the following special issue; otherwise, you need not answer the same.

"Special Issue No. 19.

"Do you find from a preponderance of the evidence, if any, that after the emergency, if any, arose, George E. Williams did what an ordinary prudent person would have done under the same or similar circumstances?

"Answer this special issue 'Yes' or 'No'.

"Answer: Yes."

It is noted that no subsidiary finding was requested or made that such emergency was the sole proximate cause of the collision.

We do not believe the effect of the answers of the jury to Special Issues Nos. 18 and 19 had any legal consequence and therefore do not conflict with any of Special Issues Nos. 1 to 14 inclusive or to Special Issue No. 20.

The trial court did not err in overruling appellant's objections to the submission of Special Issues Nos. 1 to 12 inclusive, or in overruling appellant's motion to disregard the jury's answers to any of said issues.

The jury found in response to Special Issue No. 1 that appellant failed to keep a proper lookout, that this was negligence, and that such negligence was a proximate cause of the damages, and in response to Special Issue No. 4 the jury found that appellant failed to maintain proper control of his automobile, that this was negligence and a proximate cause of the damages. In response to Special Issue No. 7 the jury found that appellant attempted to pass plaintiff's automobile without first ascertaining that he could do so with safety, and such attempt was negligence and a proximate cause of the damages sustained by plaintiff.

Special Issue No. 10 inquired if immediately prior to and at the time of said collision appellant was operating his automobile at a higher rate of speed than a reasonable and prudent person would have done under similar circumstances, the jury answered that he was, and that such was negligence and a proximate cause of the collision.

The jury found that appellee was not negligent in failing to move his car to a place nearer the curb of East 12th Street or to some place on East Avenue after observing the approach of the police car driven by Allen.

The jury found that appellee had not been called on by the police officer to transport the wounded man to the hospital and was not aiding the officer in the execution of a duty incumbent upon such officer.

The jury found that the damages were not the result of an unavoidable accident.

With further reference to appellant's contention as to his liability in view of the sudden emergency and as to the conflict in the jury's answers to Special Issues Nos. 18 and 19 with other special issues we again note that no subsidiary finding as to proximate cause was requested or given and conclude that there is no conflict. Montgomery v. Houston Electric Co., 135 Tex. 538, 144 S.W.2d 251 (Comm.App., Sec. B.); Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386.

In Reddick v. Longacre, Tex.Civ.App., 228 S.W.2d 264, 271, error ref., N.R.E., the Court held:

"Complaint is made in appellants' seventh point that the court erred in not submitting their special issues pertaining to appellant Abbott's having been suddenly confronted with an emergency since their pleadings covered sudden emergency.

"While under the evidence the court may have been justified in submitting appellants' issues on sudden emergency, yet the verdict of the jury convicted appellants of negligence which proximately caused the injuries of appellee Longacre; therefore even if the court had submitted such issues on sudden emergency in behalf of appellants and if the jury had answered them favorable to appellants, still it would not have affected the verdict of the jury and the judgment of the court based upon other findings convicting appellants of such negligence which proximately caused the injuries to appellee Longacre. Hence the error if any became harmless."

In Ynsfran v. Burkhart, Tex.Civ.App., 247 S.W.2d 907, error ref. N.R.E., this Court held that the doctrine of sudden emergency is applicable only for the purpose of lessening the standard of conduct of a party after an emergency has arisen and not applicable to a case of failing to stop, keeping a proper lookout, etc. Gulf C. & S. F. Ry. Co. v. Ballew, Tex.Sup., 66 S.W.2d 659; McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442.

■ We do not believe that it was the obligation of appellee to have moved his car as close as he could to the curb on East 12th Street or to some place on East Avenue after he had stopped at the stop sign.

The police car with the siren passed appellee's car and subsequently appellant's car came in contact with appellee's car.

The jury found that appellant was not aiding or assisting such police officer in the execution of a duty incumbent upon such officer.

Art. 6701d, Sec. 75, V.A.C.S., makes provisions for authorized emergency vehicles and provides for the conduct of the drivers of other vehicles, and provides that the drivers of an authorized emergency vehicle must drive with due regard for the safety of all persons using the highway.

The police officer Allen slowed down and proceeded cautiously past the stop signal into East Avenue; on the other hand appellant made no attempt to slow down until he was within 75 feet of appellee's car, and then his slowing down, so he said, was caused by another car turning off East Avenue onto East 12th Street.

Remaining at the stop sign for the time and in the manner appellee did could not have been the proximate cause of the damages. Firestone Tire & Rubber Co. v. Rhodes, Tex.Civ.App., 256 S.W.2d 448, error ref., N.R.E.

We have given careful consideration to all of appellant's assignments and do not find any error requiring a reversal of this cause.

The judgment of the trial court is affirmed.