Paul M. McCARTY, Appellant,

v.

Windell Ford PURSER et al., Appellees.

No. 11125.

Court of Civil Appeals of Texas.

Austin.

Nov. 20, 1963.

Rehearing Denied Dec. 11, 1963.

Byrd, Davis & Eisenberg, Austin, for appellant.

Gay & Meyers, Austin, for appellees.

PHILLIPS, Justice.

This is a suit for personal injuries brought by appellant, Captain Paul M. McCarty, hereinafter referred to as plaintiff, against Doris Purser, hereinafter referred to as defendant Purser, and Colonel Forrest Jewel, hereinafter referred to as defendant Jewel.

W. F. Purser, the husband of Doris Purser, was joined in the suit only as a formal party and no appeal has been taken from the judgment in favor of defendant Jewel.

The collision made the basis of this suit occurred on November 11, 1959, on the Officer's Club parking lot at Bergstrom Air Force Base. At the time of the collision defendant Purser was driving an airforce pickup truck which had been assigned to defendant Jewel. The pickup struck the

plaintiff while he was standing by his automobile. As a result of the collision the plaintiff was injured.

After a jury trial judgment was entered for defendants Purser and Jewel.

The judgment of the Trial Court is reversed and the case is remanded for a new trial.

The facts developed at the trial are substantially as follows: On the evening preceding his injuries plaintiff and defendant Purser had been to a party at the Officer's Club at Bergstrom Air Force Base. Defendant Jewel and defendant's witness one Rufus Harris also attended. At the conclusion of the party all four left at approximately the same time. There was no contention that anyone was intoxicated.

The plaintiff, defendant Purser (who had driven her own automobile to the Base) and Harris were proceeding to their respective automobiles with the intention of driving somewhere to eat together. Defendant Jewel went to the pickup truck with the intention of going home.

As the plaintiff, defendant Purser and Harris proceeded to the automobiles they passed by defendant Jewel who was already inside the pickup. The plaintiff, defendant Purser and Harris paused at the pickup truck in which defendant Jewel was seated and began discussing the two-way radio. It was at this time that plaintiff made the suggestion, which was approved by defendant Jewel, that defendant Purser be allowed to drive the pickup truck. There is evidence to the effect that Rufus Harris also made a similar suggestion. Thereupon, the pickup truck, with defendant Purser behind the wheel and the defendant Jewel to the right of her in the front seat, proceeded around the parking area in a counterclockwise direction.

After defendant Purser began to drive the pickup slowly around the parking lot, plaintiff and Harris proceeded to their respective automobiles which were parked in the parking lot.

Defendant Purser drove the pickup truck around the parking area at a slow rate of speed not exceeding five to ten miles per hour. As she approached the vicinity where plaintiff's car was parked, she made a slow turn in an attempt to park between plaintiff's car and the car of defendant Purser. There was a distance of between four and five vacant parking spaces between plaintiff's car and that of defendant Purser.

As the pickup started to turn, the plaintiff was standing in the parking area near his automobile and as the pickup got near the plaintiff, it suddenly and without any warning accelerated and an instant later crashed into the plaintiff and his car.

It was the plaintiff's contention that defendant Purser was attempting to scare him by suddenly accelerating the pickup and then stopping it before it hit plaintiff. However, when she went to apply the brakes after accelerating the pickup, her foot slipped from the brake pedal onto the accelerator and the truck crashed into the plaintiff.

In a sworn statement given to an Air Force Investigator the day after the plaintiff was injured, the defendant Purser stated that she vaguely remembered a statement to the effect, "let's scare old Mac," however she later denied that this was said.

In any event, defendant Purser testified that as she turned the pickup to park it, plaintiff was standing by the left side of his automobile facing the pickup with his hand on the door, which was partially open as though he were about to get into the car; that when the pickup was about four or five car widths away from plaintiff, her foot missed the brake pedal and hit the accelerator, causing the pickup to suddenly lunge forward and that it was only a split second from the time the pickup lunged at plaintiff until he was struck by it.

All evidence as to the manner in which the collision occurred came from defendant Purser, defendant Jewel, their witness Har-

ris and the facts as found by the official Air Force Investigator.

Defendant Jewel made no explanation as to why the pickup suddenly accelerated.

The plaintiff was either unconscious or semiconscious after the impact, was severely injured, however the extent or ultimate result of the injuries are not before the court at this time.

The plaintiff, appellant here, has assigned numerous points of error, however as the case will be remanded for a new trial we will discuss the theories advanced to sustain the judgment of the Trial Court which will encompass the points raised by appellant.

The jury found that the plaintiff was negligent in requesting that defendant Purser be allowed to drive the pickup and that this was a proximate cause of the collision.

The basic question involved in this appeal is whether or not the jury was justified in finding that the plaintiff was negligent and that his own negligence proximately contributed to his injuries. The jury also found the defendant Purser to have been negligent, however this phase of the case will be discussed later in this opinion.

Defendant points out that the jury found that "On such occasion" defendant Purser was not competent to operate the pickup. That the jury may well have believed that she had been drinking intoxicants; that she was not accustomed to driving the pickup truck; that she had never before driven the vehicle in question.

Defendant Purser contends that the plaintiff in requesting her to drive the pickup set in motion the chain of events that culminated in his being injured, and the jury findings that he was negligent in so doing and should have anticipated the consequences are not contrary to the preponderance of the evidence.

We cannot agree to this contention.

Defendant Jewel testified that the vehicle was a standard Ford pickup and that other than the radio it had no special equipment. That as far as the driving apparatus was concerned, it was no different than any Ford automobile and anyone who could drive an automobile would have no difficulty driving the pickup. In addition, defendant Purser testified that she had driven pickup trucks in the past. There was no testimony that the operation of the pickup in question was different from that of any other recent Ford car.

Defendant Jewel further testified that when he allowed defendant Purser to drive the pickup, there was nothing she said or did, or that anyone had said or done that indicated that she was not competent to drive it. There was nothing about her condition or anything else about her that indicated that she was not competent to drive the pickup.

■ While defendant Purser had never driven the pickup in question which was a 1959 or 1960 model Ford with an automatic gearshift, her own car was a 1955 Ford Ranch wagon with a standard gearshift. Defendant Purser had taken and passed the driver's license test given by the State of Texas, the State of Florida and the District of Columbia. In addition she also held a valid Hawaiian driver's license. No restriction appeared on any of these four licenses. The fact that defendant Purser held four valid driver's licenses was at least prima facie evidence of her competency to drive motor vehicles, and in the absence of any evidence to the contrary should be conclusive on the matter. Brown v. Fields, 160 Or. 23, 83 P.2d 144; Rowan v. Sauls, 195 Tenn. 573, 260 S.W.2d 880; Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314; 206 S.W.2d 587.

In connection with the fact there are no restrictions on any of the defendant Purser's driver licenses, there was testimony introduced that twenty-seven years ago,

defendant Purser had sustained an injury to her left hand which resulted in a weakness of the hand that is currently present, however there is no evidence that this weakness caused the accident in question.

There is no dispute in that all of the parties concerned had consumed alcoholic beverages at the party immediately preceding the accident. The party had been in progress from late afternoon or early evening the preceding day until one or two a. m., the morning of the accident. There is no evidence that any of the people involved were drunk or intoxicated. In fact, defendant Purser and defendant Jewel both testified to the contrary.

There is no evidence as to the number of drinks defendant Purser had during the course of the evening and the early morning. Defendant Purser arrived at six o'clock p. m., met plaintiff in the bar and he and others bought drinks for her during the course of the party. She was drinking Scotch whisky, but could give no estimate of the number of drinks she had had.

Plaintiff estimated that during the nine or ten hours that he was in the Club he consumed four or five beers and five or six whisky highballs.

■ The mere fact that someone has been drinking is not sufficient to support a finding that a person has been driving while intoxicated. Van Zandt v. Schell, Tex.Civ. App., 200 S.W.2d 725, no writ history.

In Morgan v. Luna, Tex.Civ.App., 337 S.W.2d 139, no writ history, the court set aside a jury finding of driving while under the influence of intoxicants stating:

"In view of the fact that the defendant himself testified unequivocally that he was not drunk and was not 'tight', and since no other witness testified that he was drunk, 'tight' or under the influence of an intoxicating beverage, the only evidence bearing directly upon the question of whether he was, or was not, under the influence of an intoxicating beverage was the admission that he had had at least three, and not more than four, beers * * *. We think such evidence, standing alone as it does here, without other evidence tending to show that defendant Morgan did not have the normal use of his mental and physical faculties by reason of the use of an intoxicating beverage, is insufficient to support the jury findings * * *."

The court also held that Morgan's statement that he was not drunk or tight was a judicial admission and was binding on him.

"We have also concluded that the defendant Morgan's statement on the witness stand—'I wasn't drunk. I wasn't tight. I had been drinking'— is a deliberate, clear and unequivocal statement, made during the course of a judicial proceeding, contrary to an essential fact embraced in one of the theories of the defense of the said Virgil Morgan, and constitutes a judicial admission which is binding on defendant, no effort having been made to change or modify this positive statement."

■ The evidence in this case is insufficient to support a finding that defendant Purser was incompetent to drive the pickup either by reason of being under the influence of intoxicating beverages or for any other reason. To hold otherwise would be to credit surmise or conjecture drawn from premises which are uncertain. There are not sufficient facts established by direct evidence upon which any such inferences can be based.

■ To infer that because defendant Purser had taken some drinks during a party at which she had spent considerable time, that she had drunk more than a prudent person would, to be followed by the inference that because of this she was under the influence of intoxicating beverages

and thus should not have been allowed to drive the pickup, would be basing one presumption upon another. An inference of fact should not be drawn from premises which are uncertain, but the facts upon which an inference may legitimately rest must be established by direct evidence as if they were the very facts in issue, and one presumption cannot be based on another presumption. Miller & Miller Motor Freight Lines v. Hunt, Tex.Civ.App., 242 S.W.2d 919, no writ history.

The jury also found that the plaintiff failed to keep a proper lookout for his own safety and such failure was the proximate cause of his injuries; that he was negligent in standing in the parking area while defendant Purser was driving the pickup and such negligence was the proximate cause of his injuries.

There is insufficient evidence to sustain these findings.

Defendant Purser testified that she was intending to park the pickup between her car and the plaintiff's car which were either four of five parking spaces apart, and that she was about two car's lengths away from plaintiff at the time the pickup suddenly accelerated and lunged forward. About this time she looked up and first noticed the plaintiff who was standing by the door of his car on the driver's side facing the pickup. She further stated that defendant Jewel attempted to control the pickup in an effort to avoid plaintiff, but was unsuccessful since everything happened simultaneously and in "a split second."

Rufus Harris, defendant's witness, testified that as the pickup was being driven around the parking lot, he was standing in the parking area at the rear of his automobile, and that plaintiff was standing about two or three feet from his vehicle on the driver's side and was watching the pickup as it was being driven at a slow rate of speed and was turning in to park. As it approached the back of the plaintiff's car, it suddenly accelerated.

Harris further testified that as the pickup was being driven around the parking lot, plaintiff was facing it and watching it. He testified that up until the time it suddenly accelerated, there was no warning or anything to indicate that it was going to do anything except to continue slowly and gradually to come in and park beside plaintiff's car. However, when it did accelerate, it came as a complete surprise; that he was not expecting anything like that to happen since there was nothing to indicate such, and, that he did not know plaintiff was going to be hit until he was hit.

He also testified that the pickup was so close to plaintiff and accelerated so suddenly that in the short time interval between the time it accelerated and the time plaintiff was hit, it would have been impossible for plaintiff to get out of the way.

Defendant Jewel also testified that other than staying at home, there was nothing that plaintiff could have done to have avoided being hit once the pickup accelerated.

While the testimony showed that plaintiff had consumed four or five beers and five or six whisky highballs during the course of the evening, there is no evidence that he was intoxicated and any inference of negligence drawn by the jury from the fact that he had been drinking is insufficient to support the findings that plaintiff was negligent in failing to keep a proper lookout or in standing in the parking lot while the defendant Purser was driving the pickup.

Defendant Purser pleaded, in addition to contributory negligence on the part of the plaintiff, that plaintiff assumed whatever risk was involved in her driving the pickup or in the alternative that his injuries were received under such circumstances as to make the maxim volenti non fit injuria applicable. In response to issues submitted in this regard the jury found that there was danger of injury to those in the immediate vicinity from the operation of the

pickup by defendant Purser; that plaintiff did not know and appreciate such danger, but in the exercise of ordinary care he should have known and appreciated such danger when he requested that she drive the pickup; that plaintiff voluntarily exposed himself to such danger.

These defenses will not stand as each requires a "danger" be present. As stated above, there is insufficient evidence to establish such a finding of "danger" in allowing defendant Purser to drive.

In addition to the issues submitted and discussed above, certain defensive issues were submitted by the Trial Court and answered by the jury which defendant Purser contends are sufficient to evoke the emergency doctrine. In response to those issues the jury found that just prior to and at the time of the collision she was acting under an emergency, that after it arose, she did what an ordinarily prudent person would have done under the same or similar circumstances but that the emergency was not the sole proximate cause of the collision.

■ It will be noted in this connection that the jury also found that defendant Purser's acceleration of the pickup was negligence, that such was the proximate cause of the collision; that defendant Purser's failure to use the brakes properly was negligence and such negligence was the proximate cause of the collision. Inasmuch as an emergency created was of defendant Purser's own negligence, it was error to submit the issues on emergency and any findings thereto should have been disregarded. Jones v. McIlveene, Tex.Civ.App., 105 S.W.2d 503, er. dism.; Higginbotham v. Ritchie, Tex.Civ.App., 367 S.W.2d 210, no writ history; 40 Texas Law Review 441.

It should also be noted that this Court in Williams v. Voight, Tex.Civ.App., 264 S.W.2d 454, writ ref., n. r. e. has held that

where the issue of emergency was found affirmatively accompanied by a finding that such emergency was not the sole proximate cause of the collision, created no conflict with affirmative findings on the issues of primary negligence.

■ Defendant Purser raised a cross assignment to the effect that any cause of action plaintiff may have had was barred by the 2-year statute of limitation because defendant Purser's husband, while originally joined as a defendant, was dropped from the suit after which the statutory period expired; and the filing of an amended petition bringing him back into the suit did not revive the barred cause of action.

We overrule this cross assignment under the authority of City of Dallas v. Morris, 120 Tex. 181, 36 S.W.2d 702, Opinion adopted by the Supreme Court.

In viewing the evidence and inferences in the record before us in the light most favorable to defendant Purser and disregarding all evidence to the contrary, we find that there is insufficient evidence to support the findings in her behalf described above and must remand this case for a new trial in accordance with this opinion.

Reversed and remanded.

HUGHES, Justice (dissenting).

Appellant's first Point of Error is that, "As a matter of law the request by plaintiff that Doris Purser be allowed to drive the pickup should not bar his recovery for her negligence." The jury had found that appellant was negligent in this respect.

Under this point appellant contends that no liability could be imposed upon him by such request "unless the driver is incompetent. There is no evidence in this record that defendant Purser was incompetent to drive the pickup." [1]

---

1. Appellant also has points to the effect that jury findings that Doris Purser was

not, on this occasion, a competent driver, that appellant was negligent in request-

Assuming that this point is adequate to raise the issue of "no evidence" to support the jury finding that appellee was an incompetent driver on the occasion in suit, I do not find that the majority opinion has expressly disposed of this point. It may have sustained this point by implication. One reason for saying this is that the rule used by the Court, upon which it predicates remand, is applicable only in deciding "no evidence" issues.[2] Another reason is that no evidence of probative value is referred to as sustaining such finding.

If the majority has sustained the "no evidence" point, then judgment, in my opinion, should have been reversed and rendered for appellant. While we have authority under Rules 434 and 505, Texas Rules of Civil Procedure to remand a cause rather than render judgment which the Trial Court should have rendered, this should only be done in the interest of justice. No such reason appears here, and appellee does not so contend.[3]

If the majority has not ruled upon the "no evidence" point, then, in my opinion, it should do so.

In my opinion, there is no evidence to sustain the findings of the jury that appellant was negligent in requesting appellee to drive the pickup and that appellee was an incompetent driver on the occasion in suit.[4] I would reverse and render judgment for appellant in the amount of damages found by the jury. I, therefore, respectfully dissent.

ing her to drive the pickup and that a finding of proximate cause as to these findings were against the great weight and preponderance of the evidence.

2. The Court states "In viewing the evidence and inferences in the record before us in the light most favorable to defendant Purser and disregarding all evidence to the contrary, we find that there is insufficient evidence to support the findings in her behalf described above and must remand this case for a new trial in accordance with this opinion." This is the "no evidence rule." 38 Tex.Law Rev., p. 361, "No Evidence" and "Insufficient Evidence" by Chief Justice Robert W. Calvert.

3. As to this see pp. 368–369, authority cited in footnote 1. See also Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792.

4. Similarly, I would sustain appellant's "no evidence" points to jury findings that appellant failed to keep a proper lookout.