**Winifred DORMAN, Appellant,**

v.

**Kenneth LANGLINAIS, Appellee.**

**No. 8335.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 6, 1979.

Charles Sexton, Orange, for appellant.

Lawrence L. Germer, Beaumont, for appellee.

DIES, Chief Justice.

Plaintiff below, Winifred Dorman, sued defendant below, Kenneth Langlinais, for damages for personal injuries and property damages as the result of an intersectional automobile collision. Defendant counterclaimed for personal injuries and property damage. Trial was to a jury which acquitted defendant of any negligence and found plaintiff one hundred percent negligent. A monetary judgment for defendant followed from which plaintiff below perfects this appeal. The parties will be referred to as they were below.

Plaintiff's first point urges the trial court erred in excluding the evidence of a witness that he smelled alcohol on the breath of the defendant after the collision.

The excluded testimony offered by plaintiff was:

"Q. After the collision, did you talk with [defendant]?

"A. Yes, sir.

"Q. All right . . . do you know what the smell of alcohol is?

"A. Yes, sir.

"Q. Why do you know what the smell of alcohol is?

"A. Well, my father, he drank a whole lot . . . I've smelled it plenty of times."

Cross-examination established that defendant handled himself "normally" and there is no evidence of any negligent or unusual conduct caused by alcohol.

In *Van Zandt v. Schell*, 200 S.W.2d 725 (Tex.Civ.App.—Fort Worth 1947, no writ), defendant appealed from an order overruling his plea of privilege. The only evidence of intoxication was testimony of an officer who said he smelled the odor of alcohol on the defendant's breath. The appellate court held that this would not support a finding that the defendant was driving while under the influence of intoxicating liquor and ordered defendant's plea of privilege be granted (id. at 728).

In *Morgan v. Luna*, 337 S.W.2d 139 (Tex. Civ.App.—El Paso 1960, no writ), the court said (at 146):

"In view of the fact that the defendant himself testified unequivocally that he was not drunk and was not 'tight', and since no other witness testified that he was drunk, 'tight' or under the influence of an intoxicating beverage, the only evidence bearing directly upon the question of whether he was, or was not, under the influence of an intoxicating beverage was the admission that he had had at least three, and not more than four, beers between the start of the trip to Odessa . . . and the point 23 miles south of Ozona where the accident occurred. We think such evidence, standing alone as it does here, without other evidence tending to show that the defendant . . . did not have the normal use of his mental and physical faculties by reason of the use of an intoxicating beverage, is insufficient to support the jury findings [that defendant was driving his automobile while under the influence of an intoxicating beverage] . . . ."

In *McCarty v. Purser*, 373 S.W.2d 293 (Tex.Civ.App.—Austin 1963), reversed on other grounds, 379 S.W.2d 291 (Tex.1964), the court, citing *Van Zandt*, supra (373 S.W.2d at 297), stated:

"The mere fact that someone has been drinking is not sufficient to support a finding that a person has been driving while intoxicated."

And see *McCarty v. Purser* (379 S.W.2d at 293), in a footnote quoting from Dr. Leon Greenburg in *16 Quarterly Journal of Studies on Alcohol 316*, stating:

" 'When we say that a person is drunk or intoxicated we mean not simply that his efficiency is less, that his behavior has

changed . . . but that his bodily functions and mental faculties are in an unmistakably abnormal state. Any other use of the term intoxication becomes merely an arbitrary and personal expression of disapproval, and as such loses scientific and practical usefulness.' "

See also *Coleman v. Donaho*, 559 S.W.2d 860, 863 (Tex.Civ.App.—Houston [14th Dist.] 1977), dismissed as moot in 21 Tex. Sup.Ct.J. 276 (March 22, 1978).

We believe plaintiff's reliance on *Southwestern Bell Telephone Co. v. Ferris*, 89 S.W.2d 229 (Tex.Civ.App.—Dallas 1935, writ dism'd), is misplaced. There, there was evidence of speed and zigzagging across the highway. At 238:

> "We think proof of Godbold's condition at the time, whether sober or intoxicated, was admissible for consideration by the jury *in connection with other evidence bearing upon the manner in which he controlled and drove the car* . . . ." (emphasis supplied)

And, in *Ford Motor Co. v. Whitt*, 81 S.W.2d 1032, 1036 (Tex.Civ.App.—Amarillo 1935, writ ref'd), the appellate court found the trial court incorrectly excluded evidence of the smell of alcohol because there was evidence "the car traveled from first one side of the road to the other" and other negligence.

Plaintiff also insists this evidence of the smell of alcohol on defendant's breath was admissible by impeachment. Here is the way plaintiff attempted to bring this in the case:

> "Q. [BY PLAINTIFF'S ATTORNEY] Mr. L. [defendant], I believe we took your deposition over in my office sometime back. . . .
>
> "A. Yes, sir.
>
> "Q. At that time I asked you if you had had any alcoholic beverage to drink that night, and what was your reply?
>
> "A. No."

In *1 C. McCormick & R. Ray, Texas Law of Evidence, § 683 (1956)*, we find:

> "The rule which permits a witness to be contradicted by other witnesses is subject to one important limitation. That is, he cannot be contradicted upon a collateral or immaterial matter."

So we conclude from the Texas authorities discussed above that evidence of the use of intoxicants is inadmissible as immaterial unless there is further evidence of negligent and improper conduct on the part of the user. These points are overruled.

The court gave this instruction:

> "The driver of a vehicle approaching the intersection of a different street or roadway is required to stop, yield and grant the privilege of immediate use of such intersection in obedience to any stop sign and, after so stopping, may only proceed when such driver may safely enter the intersection without interference or collision with traffic using such different street or roadway."

Plaintiff contends that "it was an impermissible comment on the weight of the evidence and that it unduly highlighted that duty over other duties and was prejudicial." The instruction is equivalent to the language of the statute, *Tex.Rev.Civ.Stat. Ann. art. 6701d, § 71(a) (1977)*, and is suggested by *1 Texas Pattern Jury Charges § 6.01 at 161 (1969)*.

The trial court should give such explanatory instructions as are proper to enable a jury to render a verdict, and the trial court has considerable discretion in determining what instructions are proper. *Tex.R.Civ.P. 277*; *Union Oil Co. of California v. Richard*, 536 S.W.2d 955 (Tex.Civ. App.—Beaumont 1975, no writ).

All of plaintiff's points are overruled and the judgment of the trial court is affirmed.