[No. 26893.  Department Two.  March 14, 1938.]

R. SYVERSON *et al., Respondents,* v. RODNEY BERG, *Appellant.*[1]

*Shank, Belt, Rode & Cook,* for appellant.

*Hayden, Metzger & Blair,* for respondents.

MILLARD, J.—Plaintiffs, a marital community, instituted this action to recover for personal injuries sustained by plaintiff wife as a result of the wreck of

[1]Reported in 77 P. (2d) 382.

an automobile in which she was riding and which was operated by the defendant. From the judgment entered on the verdict in favor of the plaintiffs, motions for judgment notwithstanding the verdict and for a new trial having been overruled, the defendant appealed.

The sole question is whether the trial court should have held, as a matter of law, under the facts concededly as follows, that respondent wife was within the status of "invited guest . . . without payment for . . . transportation." Chapter 18, Laws of 1933, p. 145.

The minor daughter of respondents, who have resided in Tacoma several years, and appellant had been friends for more than a year at the time of the accident out of which this action arose. About a year prior to the accident, appellant, who is an alumnus of Washington State College, invited respondents' daughter to accompany him on an automobile trip to Pullman for the purpose of attending a college dance. As the trip necessarily involved an overnight absence by the two young people, the girl's mother would not permit acceptance of the invitation. Approximately a year subsequently, appellant again invited the daughter to accompany him to Pullman to attend a formal military ball to be given at the College in March, 1936. For the same reason that obtained a year previously, the mother refused to permit her daughter to make the trip.

The mother refused to be a member of the party when appellant inquired whether she would permit the trip to be made if she accompanied the young people as chaperon. However, about a week prior to the date of the military ball, the mother yielded to the persuasion of her daughter and the appellant and granted permission to them to make the trip, on which journey

the mother would accompany them as chaperon, her only purpose being to make the trip possible for her daughter and her daughter's friend.

On the Sunday preceding the accident, which occurred Friday afternoon, March 20, 1936, the final plans made between the parties were that the mother, the daughter, and appellant would partake of luncheon at respondents' home Friday afternoon March 20, 1936, and on the conclusion of that meal depart immediately in appellant's automobile. It was agreed that they would drive to Grandview to the home of respondent wife's mother, where the three would have dinner or supper, remaining overnight, and have breakfast with Mrs. Syverson's mother the next morning. Appellant and respondents' daughter were to drive to Pullman from Grandview the morning of March 21, attend the ball at the College in the evening, and, when that was concluded, return to the grandmother's home at Grandview for rest and refreshment prior to their departure with the girl's mother for Tacoma. The testimony was to the effect that the agreement to have dinner at respondents' home in Tacoma and to eat and lodge at the grandmother's home in Grandview was for the purpose of reducing the expenses of the trip.

On Friday, March 20, 1936, the mother, the daughter, and appellant had luncheon in respondents' home in Tacoma, from which point they departed for Grandview about five o'clock that afternoon. While operated by appellant at a high rate of speed, the automobile, near the town of Easton, hit a chuck hole in the highway, got out of control, ran into a ditch on the side of the road, and as a result the young lady's mother was seriously injured.

Section 1, chapter 18, Laws of 1933, p. 145, provides,

"Section 1. No person transported by the owner or operator of a motor vehicle as an invited guest or licensee without payment for such transportation shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator."

Counsel for respondents insist that where, as in the case at bar, a person is transported for the mutal benefit of both the passenger and the operator of the automobile, or for the benefit of the operator alone, such person is not a guest under the above quoted statute. It is argued that the mother was not invited to enjoy the hospitality of the appellant, nor did she accompany the appellant and her daughter for her own pleasure, but she was "talked into" accompanying the young people to enable them to attend the dance.

This was a purely social automobile trip. It was not taken in expectation of material gain. To hold that a mother acting as a chaperon to her daughter for the sake of propriety is not within the status of an invited guest—there is no evidence or claim of any monetary consideration either accruing or promised to the appellant as a result of this trip—would so misinterpret the statute as to divest it of force and defeat the clearly declared intention of the legislature to deny recovery, as against the owner or operator of the automobile, to a guest or licensee where no business advantage or material consideration accrued to the host in the transportation resulting in the injury.

It cannot be successfully urged that the mother was riding with appellant and her daughter in connection with any business transaction. The mere fact that the mother, for the sake of propriety, accompanied her daughter and the appellant as a chaperon, and the further fact that the appellant partook of luncheon or dinner with respondents the day of the departure of

the party from Tacoma for Pullman, and the additional fact that the young lady's grandmother tendered to appellant, through respondent wife, and appellant agreed to accept thereof, the hospitality of the young lady's grandmother in Grandview, do not constitute a business transaction (even if such courtesies would make the trip more economical) that changes the status of Mrs. Syverson, which is the same as that of her daughter, as a guest of appellant.

It is quite true that benefit is anything that does one good, and that whatever promotes the welfare or pleasure of one is a benefit. This is not a case of an agreement to share expenses and where, by reason of such an agreement, a material benefit is conferred upon the driver. A mother is not a paying passenger because, to enable her daughter to attend a dance, she accompanies her daughter and escort as a chaperon. The mother and daughter were invited by appellant to make the trip with him. The daughter was invited because the young man desired her society. The mother was invited to satisfy the proprieties. Under such circumstances, it would be a novel principle to hold that the daughter would be within the status of an invited guest under the statute, while the mother would be a paying passenger. The mother did not sell to the host driver the pleasure of the society and the companionship of her daughter.

*Cardinal v. Reinecke,* 280 Mich. 15, 273 N. W. 330, cited by counsel for respondents, falls within the rule which requires a money or valuable consideration to take one out of the status of an invited guest. In *Dahl v. Moore,* 161 Wash. 503, 297 Pac. 218, there was a material gain or consideration. In none of the cases on which respondents rely have the courts gone so far as to hold that a purely social ride, such as the facts present in the case at bar, is without the status of

"invited guest or licensee without payment for transportation."

The judgment is reversed, and the cause remanded with direction to dismiss the action.

STEINERT, C. J., BLAKE, BEALS, and ROBINSON, JJ., concur.