[No. 27931.   Department One.   July 1, 1940.]

ROMAYNE FULLER, *Appellant,* v. W. H. TUCKER *et al.,*
*Respondents.*[1]

*Oscar A. Zabel* and *Paul O. Manley,* for appellant.

*J. E. Stewart,* for respondents.

MILLARD, J.—While riding in an automobile owned
by defendants and operated by one Charles Preble,
plaintiff sustained personal injuries as a result of the
alleged negligence of the operator of the automobile.
The action instituted to recover therefor was dismissed
upon a challenge to the sufficiency of the evidence at
the close of the plaintiff's case.   Plaintiff has appealed
from the judgment entered in accordance therewith.

Respondents, a marital community residing in Aber-
deen, owned two automobiles.   Respondents' son was

[1]Reported in 103 P. (2d) 1086.

a member of the Aberdeen high school football team, which was scheduled to play a night game of football with a Tacoma high school team in Tacoma, Saturday, October 18, 1936, at eight o'clock. Appellant, who was a teacher in the Aberdeen high school, was unable to operate an automobile. Monday or Tuesday of the week the game was played, appellant's mother telephoned respondent wife that she and her daughter (appellant) desired to ride in respondents' automobile to the football game. At that time, the accommodation requested could not be extended by respondents to appellant and her mother.

Friday, the day before the game, respondent wife telephoned appellant's mother of a change of respondents' plans which would enable appellant and her mother to use one of respondents' automobiles to make the trip to the football game. The plan suggested was that respondent wife would accompany appellant and her mother in one of respondents' automobiles as far as Olympia, where Mrs. Tucker (respondent wife) would join her husband, who, unaccompanied, had prior thereto driven to Olympia in the family car, and accompany him to the football game in Tacoma. Appellant and her mother had made other plans.

According to the testimony of appellant, as follows, Mrs. Tucker insisted that appellant take the car and make the trip, the only requirement being that, as appellant could not operate an automobile, she obtain a driver satisfactory to Mrs. Tucker:

"Well, Mrs. Tucker called my home and asked me to get a driver for her car, and to accompany the car and the driver so that she could,—that is to leave so that she could meet her husband in Olympia and go with him in their other car, the other family car, to Tacoma, and asked me to accompany the car and the driver from Olympia to Tacoma and to return the car to Aberdeen to her and to take from Aberdeen to Ta-

coma anyone who wished to go to the game, and to bring back in her car anyone who wanted to return from Tacoma to Aberdeen,—well, including anybody on the team who wished to come back that way, which included her son, or Mrs. Tucker, if she wanted to come back that way. And I refused. I didn't want to go; I had made other plans and I was unwilling to do so, to enter into the agreement. But Mrs. Tucker insisted and she asked me again and finally after refusing and after insistence on her part I finally agreed that I would do it, and entered into the agreement with her, so that she could meet Mr. Tucker in Olympia."

At request of appellant, Mr. Preble agreed to operate the automobile for Mrs. Tucker. Saturday morning Mrs. Tucker drove one of respondents' two automobiles to appellant's home in Aberdeen. At that point, appellant and Mr. Preble entered the automobile and occupied the rear seat of that car, which was operated by Mrs. Tucker from Aberdeen to Olympia.

Appellant testified that, when the three arrived at Olympia, Mrs. Tucker got out of the automobile and "we again talked over our agreement as to what we were to do, and the returning of the car, etc." Mrs. Tucker accompanied her husband in one of their automobiles to Tacoma. The other car, in which appellant was riding, was operated by Mr. Preble, who drove from Olympia to Tacoma. After the football game, one of the members of the Aberdeen football team and a young lady returned with appellant in the automobile operated by Mr. Preble, which was in accordance, appellant testified, with Mrs. Tucker's instructions. On the return from Tacoma, Miss Fuller was seated on the front seat between two men, one of whom was Preble, the operator of the car, and the rear seat was occupied by the other guests. South of Fort Lewis, between Tacoma and Olympia, the excessive speed at which the car was operated by Preble resulted in a wreck, in

which appellant sustained the injuries for which she now seeks recovery.

Under the facts recited above, is appellant within the status of "invited guest . . . without payment for . . . transportation?" Laws of 1933, chapter 18, p. 145, § 1.

Section 1, chapter 18, Laws of 1933, provides:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee without payment for such transportation shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator."

It is appellant's position that, in accordance with an agreement between her and respondents, she was riding in an automobile owned by respondents in the furtherance of the pleasure, wishes and business of respondents, and that, at the time of the accident, the automobile was operated by Charles Preble, an agent or vice-principal of respondents.

The benefit accruing to respondents from appellant's occupancy of their automobile on the fateful trip consisted, argue counsel for appellant, of showing the driver destinations instructed by owners, picking up passengers at the request of the owners, staying with the car on its return from Tacoma, and enabling respondent wife to ride with her husband in another family car from Olympia to Tacoma and from Tacoma to Aberdeen.

The benefit accruing to or conferred upon the operator of the automobile, sufficient to take the person riding with the operator out of the guest class, must be a tangible one. The operator of the automobile was, of course, the respondent marital community. Appellant is not entitled to recover unless she can show pay-

ment for her transportation in respondents' automobile. She must show compensation to respondents in a business sense. There was no showing of an actual or potential benefit in a material or business sense resulting or to result to the respondents, and there is no evidence that the transportation of appellant was motivated by the expectation of such benefit.

The carriage of appellant and the accommodation to respondents were given by the parties to each other from hospitable, neighborly and friendly motives only. The automobile trip was not taken in expectation of material gain. No business advantage or material consideration accrued to the respondent hosts in the transportation resulting in the injury to appellant. The services rendered by appellant to respondents are not such tangible benefits as the statute contemplates in order to remove appellant from the status of a guest.

In *Syverson v. Berg,* 194 Wash. 86, 77 P. (2d) 382, a mother, who was not invited to enjoy the hospitality of the operator of the automobile, but only accompanied the operator and her daughter as her daughter's chaperon so that the young lady might be enabled to attend a dance in another part of the state, was denied recovery on the ground that her status was that of an invited guest, and that her role as a chaperon to satisfy the proprieties did not constitute actual or potential benefit in a material or business sense resulting or to result to the operator of the automobile.

The question presented in the case at bar is foreclosed by our opinion in *Syverson v. Berg, supra.* In that case, we held that, to take a person riding with another out of the guest class—show "payment for such transportation" (§ 1, chapter 18, Laws of 1933)—two requirements are necessary: (1) An actual or potential benefit in a material or business sense resulting or

to result to the owner, and (2) that the transportation be motivated by the expectation of such benefit.

Appellant has not met the requirements. A contra holding would be a misinterpretation of the host-guest statute, and we would thereby defeat the clearly declared intention of the legislature, as we said in *Syverson v. Berg, supra,*

" . . . to deny recovery, as against the owner or operator of the automobile, to a guest or licensee where no business advantage or material consideration accrued to the host in the transportation resulting in the injury."

An excellent article on "The Washington Guest Statute," in which is reviewed the pertinent opinions of this court, will be found in Vol. XV, pp. 90-98, Washington Law Review.

The judgment is affirmed.

BLAKE, C. J., BEALS, ROBINSON, and SIMPSON, JJ., concur.