Virgil MORGAN, Appellant,

v.

Eusebio LUNA, Appellee.

Ray KITSON, Jr., Appellant,

v.

Virgil MORGAN and Broncho Chevrolet Company, a corporation, Appellees.

Nos. 5381–5388.

Court of Civil Appeals of Texas.

El Paso.

May 25, 1960.

Rehearing Denied July 13, 1960.

140

No. 5381:

Stubbeman, McRae, Sealy & Laughlin, W. B. Browder, Jr., and James G. Noland, Midland, for appellant.

John J. Watts, Odessa, for appellee.

No. 5388:

John J. Watts, Odessa, for appellant.

Stubbeman, McRae, Sealy & Laughlin and James G. Noland, Midland, and W. O. Shafer, Odessa, for appellees.

LANGDON, Chief Justice.

This is a "guest statute" case arising out of a weekend fishing trip by a number of employees of the Broncho Chevrolet Company, five of whom, including plaintiffs Eusebio Luna and Ray Kitson, Jr., were occupants of a new Chevrolet sedan which overturned at an "S" curve approximately 23 miles south of Ozona, while being operated by defendant Virgil Morgan.

Separate suits were brought in the court below by Eusebio Luna (Cause No. 12,284), and by Ray Kitson, Jr. (Cause No. 12,600), against Virgil Morgan and Broncho Chevrolet Company, for injuries they claimed to have received in the accident. The two suits were consolidated and tried together before a jury.

For the sake of clarity, we will refer to the parties as plaintiffs and defendants. Plaintiffs Luna and Kitson alleged that defendant Broncho Chevrolet Company sponsored the employee fishing trip for its own benefit, and that defendant Morgan was acting in the scope of his employment in driving the other employees. Plaintiffs plead that Morgan was guilty of causal gross negligence in various particulars. Both defendants pleaded the doctrine of assumed or incurred risk, contributory negligence as a matter of law, and volenti non fit injuria. Broncho Chevrolet Company denied that Morgan was its agent on the trip in question; but both defendants further pleaded that if Morgan was in the scope of his employment, then plaintiffs Luna and Kitson were, also, and their common law suit was barred by section 3 of Article 8306, Vernon's Annotated Civil Statutes of Texas.

At the close of plaintiffs' evidence, the trial court granted the motion of defendant Broncho Chevrolet Company for instructed verdict, which action was excepted to by plaintiffs, and the cause continued in trial as between the plaintiffs, Luna and Kitson, and the defendant Virgil Morgan. The case was submitted to the jury on 54 special issues.

By its verdict, the jury found that defendant Morgan was guilty of causal gross negligence with respect to both speed and lookout; that on the trip in question, Morgan had been driving in a reckless or incompetent manner; further, that Morgan was driving while under the influence of an intoxicating beverage. The jury found that both Luna and Kitson knew that Morgan was operating the automobile in a reckless or incompetent manner; that each, there-

after, had a reasonable opportunity to get out of the car and failed to do so; that their failure to get out of the car was a proximate cause of their injuries. In the case of Luna, the jury found that his failure to get out of the car *was not* negligence, but that Kitson's failure to disembark *was* negligence. The jury also found that both Kitson and Luna knew that Morgan was operating the automobile while under the influence of an intoxicating beverage, and that each thereafter had a reasonable opportunity to leave the car, but failed to do so. Again, the jury found that Kitson *was* negligent in failing to remove himself from the car, and that such failure was a proximate cause of the injuries sustained by him; but that Luna's failure to get out of the car *was not* negligence.

Other relevant findings were that Luna failed to protest to the defendant Morgan, as an ordinarily prudent person would have done under the same or similar circumstances, concerning the manner in which Morgan was driving the automobile, but that he (Luna) was not negligent in failing to protest. It found that Kitson did protest the manner in which Morgan was driving. Further, the jury found that both Luna and Kitson joined Morgan in the drinking, but that such conduct was not negligence; that neither plaintiff was injured in the course of any business of Broncho Chevrolet Company; that Kitson sustained $15,000 actual damages, plus $5,000 exemplary damages, and that Luna sustained $13,000 actual damages and $5,000 exemplary damages.

The judgment granted the motion of defendant Broncho Chevrolet Company for instructed verdict, and entered judgment in favor of Broncho Chevrolet Company; to which action both plaintiffs, as well as the remaining defendant, Virgil Morgan, excepted. Judgment was entered upon the verdict of the jury in favor of Eusebio Luna against defendant Virgil Morgan, to which the defendant Morgan duly excepted and gave timely and proper notice of appeal. Plaintiff Ray Kitson, Jr. was

denied any recovery, to which he duly and timely excepted and gave notice of appeal.

Separate appeals were taken from this judgment. An appeal was perfected by appellant Virgil Morgan (defendant below), against appellee Eusebio Luna (plaintiff below), and is docketed in this court as Cause No. 5381; and an appeal was perfected by plaintiff Ray Kitson, Jr., as appellant, against defendants Broncho Chevrolet Company, a corporation, and Virgil Morgan, as appellees, docketed in this court as Cause No. 5388. We are of the opinion that Cause No. 5388 should be consolidated with Cause No. 5381 for purposes of this opinion, and it is so ordered.

We will consider first the appeal of plaintiff Ray Kitson, Jr., appellant, versus Virgil Morgan and Broncho Chevrolet Company, appellees. All parties will be referred to as plaintiffs and defendants, as they were in the trial court.

Plaintiff Kitson urges seven points of error. By Points One and Two, he contends that the trial court erred in granting the motion of defendant Broncho Chevrolet Company for instructed verdict; or, in the alternative, that the cause be withdrawn from the jury as to defendant Broncho Chevrolet Company; and the error of the trial court in refusing to permit the plaintiff, Kitson, to prove how he secured his knowledge of where the employee benefit money came from.

After plaintiffs had rested their case, defendant Broncho Chevrolet Company moved for judgment in favor of Broncho Chevrolet Company and against each of the plaintiffs, on the ground that there was no evidence, or that the evidence was insufficient, to support a finding by the jury that the defendant Virgil Morgan was, at the time of the accident in question, in the course or scope of his employment. We have examined the record as a whole, and have carefully considered all exceptions and bills perfected in behalf of Ray Kitson, Jr., as well as for both plaintiffs, with respect to the defendant Broncho Chevrolet Company; and having considered all such evidence in the light most favorable to plaintiffs, and disregarding all evidence to the contrary, we are of the opinion that the evidence is wholly insufficient to support a judgment in favor of Kitson, or either of the plaintiffs, against Broncho Chevrolet Company. (Plaintiff Luna did not appeal from the court's action in this regard). Plaintiffs attempted to show that defendant Broncho Chevrolet Company maintained a fund from the proceeds of cold-drink, candy, etc., vending machines, located on its premises for employee benefits, and offered evidence that the money for an employee Christmas party had come from this fund. There was no evidence, however, that the money from the employees' fund was used to finance the trip in question, and none was developed by plaintiff's bill.

It follows that we think the trial court was correct in withdrawing plaintiffs' suit against defendant Broncho Chevrolet Company from the jury, and in rendering judgment in favor of Broncho Chevrolet Company and against both plaintiffs as to said defendant. Plaintiff Kitson's Points One and Two are accordingly overruled, and that portion of the trial court's judgment favoring Broncho Chevrolet Company is affirmed.

By Points Three and Four, Kitson contends that the trial court erred in permitting counsel for Virgil Morgan to attempt to impeach the said Virgil Morgan by offering evidence to show that Morgan was under the influence of an intoxicating beverage after Morgan had judicially admitted from the witness stand that he was not drunk; and that the court erred in submitting issues to the jury inquiring whether Morgan was under the influence of an intoxicating beverage, where there was insufficient evidence to support such finding. The judgment entered by the trial court in this cause recites that the motion of the defendant, Virgil Morgan, for judgment against the plaintiff, Ray

Kitson, Jr., should be, upon the verdict of the jury, granted. The question of whether the trial court did, or did not, ignore the findings of the jury on the intoxication issues is rendered immaterial *as to plaintiff Kitson* in view of other findings by the jury which were sufficient to convict Kitson of contributory negligence, and to preclude any recovery by him under the guest statute. We deem it unlikely that the trial court would ignore, under the facts, the jury findings on the question of intoxication with respect to one plaintiff and not to the other. For reasons stated below, we assume that the trial court disregarded the jury findings on the questions relating to the intoxication of defendant Virgil Morgan, as to both plaintiffs. Consequently, Kitson's Points Three and Four present no reversible error and are accordingly overruled.

By Point Number Five, Kitson contends that the trial court erred in refusing to permit the introduction of a recording, for impeachment purposes, of a telephone conversation between Kitson's counsel and defendant's witness, David W. McPherson. We overrule the point. The witness McPherson having admitted the prior contradictory statement, the recording contained nothing that would impeach him. Meadowlake Foods, Inc. v. Estes, Tex.Civ.App., 218 S.W.2d 862; McCormick and Ray, Texas Law of Evidence, Second Edition, p. 543, § 695.

By Point Number Six, it is urged that the trial court erred in permitting counsel for defendant Morgan to argue to the jury that plaintiff Kitson had committed the crime of false swearing. Without here detailing the testimony of the witness Kitson, while testifying at the trial of this cause or on deposition, we have concluded that the testimony of Mr. Kitson contains a sufficient number of clearly contradictory statements relating to material issues to have warranted counsel for defendant in drawing the inference that the witness was lying. An attorney, in argument, may draw any inference from the evidence, acting in good faith, so long as the inference is reasonable. The argument complained of was not improper in the light of the witness' testimony, both on the trial of this cause and on deposition. The inference being neither unreasonable nor shown to have been made in bad faith, the point is accordingly overruled.

The seventh and final point is based on the contention that the trial court erred in overruling plaintiff Kitson's motion for judgment against defendant Virgil Morgan.

In answer to Special Issues Twenty-two to Twenty-five, inclusive, the jury found that plaintiff Kitson knew, or, in the exercise of ordinary care, should have known, that defendant Morgan was driving his car in a reckless and incompetent manner; that Kitson thereafter had a reasonable opportunity to get out of the car; that his failure to do so was a proximate cause of the injuries sustained by him, and that such failure to get out of the car was negligence.

Ordinary contributory negligence is a defense to an action under the guest statute. The jury findings set out above convict the plaintiff Kitson of negligence, and are amply supported by the evidence, thus barring recovery of damages by plaintiff for his resulting injuries. Point Seven is accordingly overruled. Sargent et al. v. Williams, 152 Tex. 413, et al., 258 S.W.2d 787.

In the appeal perfected by defendant Morgan against plaintiff Eusebio Luna (Cause No. 5381,) defendant Morgan brings seventeen points of error divided in the brief, for purposes of argument, into two groups, which we will discuss in the same manner.

By Group One, Points 1, 2, 3, 4, 5, 6, 7, 14, and 17, defendant Morgan contends that the court erred in granting plaintiff Luna's motion for judgment, and in entering judgment for Luna, because, under the findings of the jury, Luna is barred from

recovery; that the trial court erred in failing to grant Morgan's motion for judgment because the jury found that Luna's injuries were proximately caused by Luna's continuing to ride with a driver known by him to be reckless or incompetent, after being afforded reasonable opportunity to disembark from the car; and because Luna, based on the findings of the jury, was guilty of causal contributory negligence as a matter of law, incurred the risk of injury, and was barred from recovery under the doctrine of volenti non fit injuria; that the court further erred in failing to grant Morgan's motion for judgment against Luna because Luna continued to ride with a driver known by him to be under the influence of an intoxicating beverage, after he (Luna) was afforded reasonable opportunity to disembark; because Luna failed to protest to Morgan, as a reasonable prudent person would have done under the same or similar circumstances, concerning the manner in which Morgan drove the automobile, and because the jury found that Luna joined with Morgan in the drinking, Luna put himself in the way of a known danger, of his own free will, and as a result of an intelligent choice, so as to bar a recovery under the doctrines of assumed risk, contributory negligence as a matter of law, and/or volenti non fit injuria.

By Group Two, Points 8, 9, 10, 11, 12, 13, 15, and 16, it is contended that the court erred in disregarding, if it did, the jury's answers to Special Issues Nos. 26, 27 and 28, in which the jury found that defendant Morgan was driving while under the influence of an intoxicating beverage; and in not granting Morgan's motion for judgment as against Luna because, under the jury findings, Luna continued to ride with a driver known to him to be both reckless and/or incompetent and under the influence of an intoxicating beverage, after he was afforded a reasonable opportunity of leaving the car; and, further, that the trial court erred in failing to grant defendant Morgan's motion for judgment as against Luna notwithstanding the jury's answers to Special Issues 21 and 32, in which it found that Luna was not negligent in failing to leave the car prior to the accident, after having been afforded a reasonable opportunity of doing so.

The fishing party consisted of eight employees of the Broncho Chevrolet Company of Odessa. They left Odessa in the early afternoon of July 9, 1955, in two cars, en route to a fishing lodge located on Devil's River. One of the cars, a new 1955 Chevrolet, (the vehicle later involved in the accident) belonged to and was driven by defendant, Virgil Morgan. In addition to Morgan, the Chevrolet was occupied by four other passengers, including plaintiffs Luna and Kitson, and one Jack Campbell, who was killed in the accident. The other three members of the party rode in a second car, which was driven by John Campbell (no relation to the Campbell who was killed.)

Leaving Odessa, the defendant Virgil Morgan's car arrived first at Crane, where both cars stopped at a drive-in cafe for sandwiches, and everybody had one beer, apparently the first beer had by anyone after commencing the trip. The evidence reflects that Morgan drove very fast (according to the plaintiff Luna, 90 miles per hour) all the way from Odessa to Crane, and that John Campbell, the driver of the second car, admonished Morgan and told him to * * * "slow down and make about 70 all the way." Leaving Crane, the party proceeded to Ozona, via Rankin, and at Big Lake took the ranch road south to Ozona. The evidence is conflicting, not only as to the exact number of stops made by the party between Crane and the place of the accident at a point some 23 miles south of Ozona, but there is also a dispute in the testimony as to whether any stop was made at all, after the party left Ozona and before they reached the point where the accident occurred. The exact location of only two stops can be determined from the uncontradicted testimony; the first stop at Crane, and the stop, or stops, which occurred at Ozona. The sequence, number

and location of the intermediate stops made between Crane and Ozona, and whether they were made before or after one or more of the passengers in the Morgan car had protested to the defendant Morgan about the manner in which he was driving, cannot be determined from the undisputed evidence. Whether some or all of the stops occurred between Crane and Rankin, or whether some—or none at all—occurred between Rankin and Big Lake, or between Big Lake and Ozona, is a matter of conjecture.

According to the testimony of the defendant Virgil Morgan, the party stopped four times after leaving Odessa—once at Crane, twice between Crane and Ozona, at Ozona, and once after leaving Ozona. The defendant Morgan further testified, "I had three or four beers on the way. I don't remember which * * * I wasn't drunk. I wasn't tight. I had been drinking.—

"Q. Had you had more than three or four beers?

"A. No, sir. I would say three or four was all I had."

With the exception of defendant's witness, David W. McPherson, who testified that Campbell's car arrived first, all other witnesses testified that defendant Virgil Morgan's car was the first to arrive at Crane after leaving Odessa. There is no evidence that anyone made any complaint of the manner in which Morgan was driving prior to reaching Crane. According to plaintiff Luna, Morgan drove ninety miles per hour all the way, and he (Luna) was scared, but made no complaint. The plaintiff Kitson testified that Morgan drove fast, but straight. Defendant's witness, Neiman, did not recall anything unusual about the manner in which Morgan drove on this part of the trip, but believed he may have driven faster than the speed limit. Neither John Campbell (the driver of the second car), nor Shacklett, a passenger in the Campbell car, testified to anything unusual regarding Morgan's driving between Odessa and Crane. By the same token, the evidence is conflicting regarding the manner in which defendant operated his vehicle between Crane and Ozona. It appears, however, that a promise was made by the defendant Virgil Morgan at Ozona, to the effect that he would stay behind the car being driven by John Campbell.

Because the jury verdict in this case had the effect of acquitting one plaintiff (Luna), and convicting the other (Kitson), in its answers to identical special issues on contributory negligence, we believe an examination of the evidence, with a view toward determining what differences, if any, existed between the circumstances surrounding one of the plaintiffs from the circumstances surrounding the other, is essential to a proper understanding and disposition of this case.

The defendant Morgan was service manager of Broncho Chevrolet Company, in charge of, or foreman of, its service department. He had personally hired Luna, and both Luna and Kitson were employees of his department and worked directly under his supervision. Kitson was employed as a mechanic, while Luna's job was that of a porter; and, presumably, Luna was subject to direction not only from the defendant Morgan, but also from the mechanics (including Kitson), part of Luna's work being to "wash parts" (auto parts), as well as to clean the floors and do general porter work. According to Luna's testimony, he was invited on the trip by Morgan so that he could do the cooking for them.

"A. He asked me if I would go with him so that I can do a little cooking for them."

This testimony of Luna's is uncontradicted. If untrue, it might have been denied or explained by the defendant himself, but this the defendant failed to do. Luna was of Latin-American origin; he understood and spoke the English language, but was unable to read or write English. Kitson, as well as Jack Campbell (killed in the accident), allegedly protested to defendant Morgan his reckless manner of driving. Luna ad-

mittedly made no direct protest to Morgan, and the jury so found, but it also found that Luna was not negligent in failing to protest.

It has been held that to make one a passenger, as distinguished from a guest, within the statute (Article 6701b, V.A.T.C.S.), there must be some definite, tangible benefit to the operator shown to have been the motivating influence for furnishing the transportation. Franzen v. Jason, Tex.Civ.App., 166 S.W.2d 727; Elkins v. Foster, Tex.Civ.App., 101 S.W.2d 294; Johnson v. Smither, Tex.Civ.App., 116 S.W.2d 812; Young v. Bynum, Tex.Civ.App., 260 S.W.2d 696; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194.

■ Plaintiff Luna was asked to go along so he would do a little cooking for the party, and he accepted the invitation. We find no such condition attached to the invitation extended by defendant Morgan to either Kitson or the other members of the party. If Luna was included in the party to cook for, or to be a chore boy for, the other members of the party, regardless of whether Luna himself may have expected to derive some pleasure from the trip, nevertheless he occupied a position quite different from that of the others, although we refrain from holding, as a matter of law, that Luna was a "passenger" and not a "guest", within the meaning of the guest statute. We do believe, however, that the evidence is sufficient to have supported a jury finding on such issue, and contributes to the "circumstances" which the jury was entitled to consider in determining that plaintiff Luna *was not* negligent, and that plaintiff Kitson *was* negligent in failing to get out of the defendant's car before the accident, after having been afforded a reasonable opportunity to do so.

■ In view of the fact that the defendant himself testified unequivocally that he was not drunk and was not "tight", and since no other witness testified that he was drunk, "tight" or under the influence of an intoxicating beverage, the only evidence bearing directly upon the question of whether he was, or was not, under the influence of an intoxicating beverage was the admission that he had had at least three, and not more than four, beers between the start of the trip to Odessa (the first beer being had at Crane), and the point 23 miles south of Ozona where the accident occurred. We think such evidence, standing alone as it does here, without other evidence tending to show that the defendant Morgan did not have the normal use of his mental and physical faculties by reason of the use of an intoxicating beverage, is insufficient to support the jury findings in answer to Special Issues 26, 27, 28, 29 and 30, in which the jury was asked to find whether defendant, on the trip in question, was driving his automobile while under the influence of an intoxicating beverage, and related issues. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607.

■ We have also concluded that the defendant Morgan's statement on the witness stand—"I wasn't drunk. I wasn't tight. I had been drinking"—is a deliberate, clear and unequivocal statement, made during the course of a judicial proceeding, contrary to an essential fact embraced in one of the theories of the defense of the said Virgil Morgan, and constitutes a judicial admission which is binding on defendant, no effort having been made to change or modify this positive statement. United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224; Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 145 S.W.2d 569.

In summing up, we have concluded that while there was unquestionably sufficient evidence to have supported a jury finding that plaintiff Luna was negligent in failing to get out of the car prior to the accident, after having been afforded a reasonable opportunity to do so, still, the jury did not so find. Had the jury done so, as it did in the case of the plaintiff Kitson, it would have been our duty, under the record of this case, to have sustained such finding. This leaves us with the question of whether

there was sufficient evidence to support the jury's verdict in finding that Luna *was not* guilty of contributory negligence in failing to protest the manner in which defendant was driving the car, and in failing to get out of the car after having been afforded a reasonable opportunity to do so.

Considering Luna's admitted failure to protest, it is well established that the law does not require a person to do a useless thing. Viewing the evidence in the light most favorable to plaintiff, and disregarding the evidence to the contrary, it does not appear probable that, had Luna added his protests to those of the others, it would have had any effect upon the driver. The jury found that Kitson had protested, and there was evidence that others, including Jack Campbell, the man who was later killed in the accident, had also protested. We think the evidence warranted a jury finding that Luna was not negligent, under the circumstances, in failing to protest.

Under the undisputed evidence, Luna was afforded several opportunities to leave defendant's car. His first opportunity occurred when the party stopped at Crane, and other opportunities existed at the stops along the road between Crane and Ozona, and at Ozona. The evidence is conflicting, and it is a disputed fact, as to whether a stop was made at all, prior to the accident, after the party had left the town of Ozona. We think the evidence is sufficient to have warranted a jury finding that defendant Morgan operated his car in a reckless and incompetent manner after leaving Crane and before arriving in the town of Ozona, and is sufficient to support a finding that plaintiff Luna knew, or should have known, that Morgan was operating the car in such fashion, and thus to impose upon the plaintiff Luna a duty (to defendant Morgan) to leave the car at the first reasonable opportunity (such opportunity having undoubtedly been afforded Luna at Ozona), or suffer the risk of his claim for injury being barred under the doctrine of assumed or incurred risk, and/or volenti non fit injuria.

The duty to leave the defendant's car, under the circumstances, after having been afforded a reasonable opportunity to do so, is an obligation imposed upon the guest by construction of Article 6701b, sec. 1, V.A. T.C.S., known as the "Guest Statute". The provisions of the statute are for the benefit and protection of the owner or operator of a motor vehicle, and denies any person, being transported as a guest, the right of recovery against such owner or operator, for injuries, death or loss in case of an accident, unless such accident shall have been intentional on the part of such owner or operator, or caused by his heedlessness or reckless disregard of the rights of others.

There can be no doubt but that the evidence was sufficient to support the jury finding that defendant Morgan was operating his car, on the trip in question, in a reckless manner and in heedless disregard of the rights of others. In the absence of contributory negligence, the plaintiff Luna is entitled to recover against him for the injuries he (Luna) sustained in the accident.

By its verdict, the jury found that Luna was afforded a reasonable opportunity to leave the defendant's car prior to the accident in question, and that his failure to do so was a proximate cause of his injuries, but that he *was not* negligent.

The place or places at which Luna was afforded a reasonable opportunity of leaving the car are not specified in the jury verdict. For the purposes of this opinion, we assume that the duty to leave the defendant's car was imposed on Luna some time prior to the time that the party reached Ozona. When the party stopped at Ozona, Luna was afforded a fair and reasonable opportunity of getting out of defendant's car. He might at that point have discontinued the trip altogether, or he could have ridden with the driver of the other car. The same opportunity was available to the plaintiff Kitson; and, we think, at that moment each was under a duty to get out of the defendant's car.

What, then, thereafter relieved Luna of his previously incurred obligation, or duty, but did not relieve or excuse Kitson of the same duty to get out of defendant's car?

With respect to Luna, we think the evidence reflects that Morgan's manner of driving had "scared" him, and that when the car reached Ozona, he was not only ready to leave Morgan's car, but wanted to do so, and would have done so, except for a promise or agreement made by Morgan to the effect that he would stay behind and follow the Campbell car out of Ozona. We think the evidence tends to show that Luna relied on Morgan's promise and was induced by it to remain in Morgan's car. But even assuming that both Luna and Kitson relied on Morgan's promise—the jury, in effect, could have, and did, find that Luna, under the circumstances as hereinabove set out (menial capacity—camp cook and porter—only Latin-American in a party of eight, etc.) was justified and was, therefore, not negligent; but that Kitson, whose circumstances were different, was not justified in relying on the promise, was therefore negligent, and accordingly barred from any recovery.

Morgan's promise or agreement, when accepted by Luna, had the effect of a novation on Luna's previously incurred and existing duty or obligation, and extinguished it. While it is also unquestionably true that Morgan broke such agreement soon after leaving Ozona, it is a disputed fact as to whether there was, or was not, a stop prior to the accident after the party left Ozona. We cannot, therefore, assume, contrary to the jury verdict, that Luna was afforded a reasonable opportunity of getting out of defendant's car after leaving Ozona, and that he was negligent in failing to do so.

From all the facts adduced on the trial of this case, we think the jury was justified in finding, in effect, that Luna had relied on, and was entitled to rely on, Morgan's promise to remain behind and follow the other car, but that Kitson was not justified

in relying upon such promise or agreement on the part of his driver. Thus, Kitson was negligent and Luna was not, in failing to leave the car prior to the accident, after having been afforded a reasonable opportunity to do so.

Having considered each of the points raised by defendant Morgan against the judgment entered by the trial court in favor of the plaintiff Luna, we are of the opinion that same should be, and each of said points are, accordingly overruled.

The judgment of the trial court entered in favor of Broncho Chevrolet Company is affirmed.

The judgment of the trial court denying plaintiff Ray Kitson, Jr. any recovery, against either defendant Broncho Chevrolet Company or defendant Virgil Morgan, is affirmed.

The judgment of the trial court in favor of plaintiff Eusebio Luna, and against the defendant Virgil Morgan, is affirmed.